# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:05cv338

| | |
|---|---|
| DARRELL WAYNE BUCHANAN; and LOLA C. BUCHANAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | )      ORDER<br>) |
| AVERY COUNTY; AVERY COUNTY SHERIFF'S DEPARTMENT; and EDDIE HUGHES, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on defendants' Motion to Dismiss for Plaintiffs' failure to Comply with the Federal Rules of Civil Procedure; or, Alternatively, Motion to Compel Plaintiff Darrell Wayne Buchanan's Attendance at a Deposition and for recovery of Attorney Fees and Costs Pursuant to Rule 37(d) F.R.C.P. Defendants filed their motion on May 23, 2006, making plaintiffs' response due to be filed not later than June 9, 2006. Even though defendants' motion seeks dismissal of the Complaint as well as monetary awards, plaintiffs have failed to respond to such motion within the time allowed. L.R. 7.1.

In substance, defendants have shown that time and again, they have attempted to depose plaintiffs in this matter and that plaintiffs have either not appeared or the deposition has been adjourned for previously undisclosed "commitments" of counsel for plaintiffs. In the 20 paragraphs of the motion, defendants provide great detail of their efforts, as well as their patience, in attempting to complete these depositions.

In turn, each paragraph details what appears to this court to be a violation of the Pretrial Order, the Federal Rules of Civil Procedure, reasonable expectations of professionalism, and common courtesy. While what has occurred is unacceptable, it is not clear that that the actions of counsel for plaintiffs were condoned by the plaintiffs; therefore, the undersigned will not, at this point, recommend dismissal of this action based on the possibility that plaintiffs are blameless in the conduct of discovery in this matter.

Having read defendants' motion carefully and noted counsel for plaintiffs' failure to respond such to such motion with the response <u>required</u> by Local Rule 7.1, the court has no basis to assume that counsel for plaintiffs would follow through with any resetting of such depositions at his offices. The court will, therefore, Order that the deposition of DARRELL WAYNE BUCHANAN be taken on Wednesday July 5, 2006, beginning at 9 a.m., and that the depositions of all of plaintiffs' fact witnesses be taken on Thursday, July 6, 2006, beginning at 9 a.m., all in the United States Courthouse in Asheville. Counsel for plaintiff shall immediately notify his clients of this obligation. In the event any witness fails to appear, the court will consider striking such litigant's claims or, as the case may be, striking the at-trial or other testimony of such witness under the doctrine of spoliation.

Where a Motion to Compel is granted, Rule 37(a)(4)(A), Federal Rules of Civil Procedure, provides as follows:

> [T]he court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including

> attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A).

On Friday, July 7, 2006, at 2 p.m., and after all depositions are complete, plaintiffs and their counsel will be afforded an opportunity to be heard under Rule 37 and to show the court that their actions were substantially justified or that other circumstances make an award of expenses unjust. Equally, counsel for defendants shall have prepared for review of the court at that time an affidavit of costs, expenses, and fees incurred in making the motion. Such affidavit should be provided to counsel for plaintiffs in advance of such hearing so that counsel may have an opportunity to review such bill and prepare any argument in response. Counsel for plaintiffs should bring his checkbook and be prepared to pay to counsel for defendants the costs the court will award.

Finally, counsel for plaintiff is respectfully advised that the dates for above depositions will not be changed, and that any failure to fully participate will result in a recommendation to the district court that defendants' Motion to Dismiss be allowed or that other sanctions be imposed. Respective counsel are directed to clear their calendars for such days.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss for Plaintiffs' failure to Comply with the Federal Rules of Civil Procedure is **DENIED** without prejudice at this time, and that the alternative Motion to Compel Plaintiff Darrell Wayne Buchanan's Attendance at a Deposition and for Recovery of Attorney Fees and Costs Pursuant to Rule 37(d) F.R.C.P. is **ALLOWED (#9);**

**IT IS FURTHER ORDERED** that discovery is reopened and enlarged for the following, limited purpose, and that the deposition of DARRELL WAYNE BUCHANAN be taken on Wednesday July 5, 2006, beginning at 9 a.m., and that the depositions of all of plaintiffs' fact witnesses be taken on Thursday, July 6, 2006, beginning at 9 a.m., all in the United States Courthouse in Asheville;

**And,**

**IT IS FURTHER ORDERED** that on Friday, July 7, 2006, at 2 p.m., plaintiffs and their counsel will appear before the court and be afforded an opportunity to be heard under Rule 37 and to then show the court that their actions were substantially justified or that other circumstances make an award of expenses unjust.

Signed: June 20, 2006

Dennis L. Howell
United States Magistrate Judge